NO









NO. 12-09-00234-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

STEPHEN DELAIN RAMBO,

APPELLANT                                                     '     APPEAL
FROM THE 402ND

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     WOOD
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Stephen
Delain Rambo appeals his conviction for possession of a controlled substance,
for which he was sentenced to imprisonment for two years and a one thousand
dollar fine.  In one issue, Appellant contends that the evidence is legally
insufficient to support the trial court’s judgment.  We affirm.

 

Background

            On
October 6, 2008, Appellant was stopped by Winnsboro police officer Donald Booth
on South Walnut Street in Winnsboro, Texas for failing to stop behind the stop
line at a red light.  Booth testified that Appellant and the three passengers
in the car, a black Toyota Camry, appeared nervous and fidgety when he approached
the car and spoke to Appellant.  After Booth asked Appellant and the passengers
to step out of the car, Appellant and Paula Box, a passenger who owned the car,
gave Booth permission to search the vehicle.  During his search, Booth
discovered a plastic baggy under the driver’s seat containing methamphetamine. 
Appellant and the three passengers were transported to the jail at the
Winnsboro Police Department.  

Appellant
was charged by indictment with possession of less than one gram of
methamphetamine and pleaded “not guilty.”  At trial, Booth testified that when
Appellant was being placed in his cell, he stated that it was his dope and he
would claim it.  On cross examination, Booth stated that Appellant actually
said, “If you will let everybody go, the dope will belong to me.”  

            Roderick
Hashaway, the patrol captain of the Winnsboro Police Department, testified that
he passed the scene while on his way home from the police department and
stopped to assist.  Hashaway stated that he administered Miranda warnings
to Appellant and the three passengers.  Hashaway further stated that Appellant
told him that he and the others had been “doing a little dope” that evening. 
Hashaway testified that as Appellant was being booked into the jail, he found
$2,445.00 in cash in Appellant’s wallet consisting of twenty-three one hundred
dollar bills, six twenty dollar bills, two ten dollar bills, and five one
dollar bills.  During cross examination, Hashaway admitted that there had been
eighteen phone calls between him and Theressa Kirkendall, a confidential
informant, on October 6, 2008.  

Later
in the trial, Ronald James Yates, who was then incarcerated for possession of
methamphetamine, testified that he once had a dating relationship with
Kirkendall.  Yates further testified that Kirkendall told him she planted the
methamphetamine in the car Appellant was driving, informed Hashaway what she
had done, and gave Hashaway a description of the vehicle and its license plate
number.  Yates stated that Kirkendall told him that she had done this for the
purpose of getting him out of jail.

            Kirkendall
testified that in October 2008, she and Sandy Coker were driven by Greg Roebuck
in a black Toyota Camry to a location between Pittsburg, Texas and Leesberg,
Texas.  There, Roebuck purchased from T.J. Rozell a plastic baggy containing
approximately one gram of methamphetamine.  According to Kirkendall, Roebuck then
returned to Winnsboro, drove Coker and Kirkendall to Kirkendall’s house, and
drove away.  Coker also testified about this event, but could not recall the
date in October on which it had occurred.  Coker stated that the amount of methamphetamine
Roebuck purchased from Rozell was one-half of one gram. 

            Kirkendall
testified that she had lied to Yates about having contacted Hashaway concerning
her planting of the methamphetamine in the black Toyota Camry.  Kirkendall
further testified that she often lied to drug dealers and that she lied to
Yates for the purpose of garnering his assistance in identifying drug dealers
in the Winnsboro area.  Hashaway also testified that he had not spoken with
Kirkendall on October 6, 2008 about any controlled substance located in a black
Toyota Camry.

            Utlimately,
the jury found the Appellant “guilty” as charged.  Thereafter, the trial court
assessed Appellant’s punishment at imprisonment for two years and a one
thousand dollar fine.  This appeal followed.

Legal Sufficiency

In
his sole issue, Appellant contends that the evidence was legally insufficient to
support that he knowingly possessed methamphetamine.

Standard
of Review

Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.  See Jackson
v. Virginia, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 2786–87, 61 L. Ed. 2d
560 (1979); see also Escobedo v. State, 6 S.W.3d 1, 6 (Tex.
App.–San Antonio 1999, pet. ref=d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  See Jackson, 443 U.S. at 320, 99
S.Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  The evidence is examined in the light most favorable
to the verdict.  See Jackson, 443 U.S. at 320, 99 S.Ct. at 2789; Johnson,
871 S.W.2d at 186.  A successful legal sufficiency challenge will result in
rendition of an acquittal by the reviewing court.  See Tibbs v. Florida,
457 U.S. 31, 41–42, 102 S.Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  The hypothetically correct jury charge
“accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant is tried.”  Id.  The use of the
hypothetically correct jury charge applies to review for both legal and factual
sufficiency.  See Wooley v. State, 273 S.W.3d 260, 261 (Tex.
Crim. App. 2008).  

Applicable
Law

            To
meet its burden of proof that Appellant knowingly possessed a controlled
substance, the State was required to demonstrate that Appellant (1) exercised
control, management, or care over the substance and (2) knew the matter
possessed was contraband.  See Poindexter v .State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005); see also Tex. Health & Safety Code Ann. § 481.115(a) (Vernon 2010). 
“Possession” means actual care, custody, control or management of an item.  Tex. Health & Safety Code Ann. § 481.002(38)
(Vernon 2010).  Regardless of whether the evidence is direct or circumstantial,
it must establish that the defendant’s connection with the drug was more than
fortuitous.  Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006).  

When
the contraband is not found on the accused’s person or is not in his exclusive
possession, additional facts must link the accused to the contraband.  See
Willis v. State, 192 S.W.3d 585, 593 (Tex.
App.–Tyler 2006, no pet.).  Among the nonexclusive factors that may be
considered when evaluating links are (1) whether the contraband was in plain
view or recovered from an enclosed place; (2) whether the accused was the owner
of the premises or had the right to possess the place where the contraband was
found, or was the owner or driver of the automobile in which the contraband was
found; (3) whether the accused was found with a large amount of cash; (4)
whether the contraband was conveniently accessible to the accused or found on
the same side of the vehicle as the accused was sitting; (5) whether the
contraband was found in close proximity to the accused; (6) whether a strong
residual odor of the contraband was present; (7) whether the accused
possessed other contraband when arrested; (8) whether paraphernalia to use the
contraband was in view or found on the accused; (9) whether the physical
condition of the accused indicated recent consumption of the contraband in
question; (10) whether conduct by the accused indicated a consciousness of
guilt; (11) whether the accused attempted to escape or flee; (12) whether the
accused made furtive gestures; (13) whether the accused has a special
connection to the contraband; (14) whether the occupants of the premises gave
conflicting statements about relevant matters; (15) whether the accused made
incriminating statements connecting himself to the contraband; (16) the
quantity of the contraband; and (17) whether the accused was observed in a
suspicious place under suspicious circumstances.  Id.  

            Each
case must be examined on its own facts.  Roberson v. State,
80 S.W.3d 730, 736 (Tex. App.–Houston [1st Dist.] 2002, pet. ref’d).  A
link ordinarily emerges from a combination of several factors and the logic of
force they have in combination.  See Young v. State,
242 S.W.3d 192, 197 (Tex. App.–Tyler 2007, no pet.).  

Analysis

            The
evidence in the instant case does not indicate that Appellant possessed the
methamphetamine on his person.  Furthermore, the evidence reflects that
Appellant did not own the 2001 black Toyota Camry in which the methamphetamine
was found.  However, Appellant was driving the car and the methamphetamine was
found under the driver’s seat, a place easily accessible to Appellant.
 The record also indicates that Appellant was nervous when he was detained by
Officer Booth.  Appellant later admitted to Hashaway that he had used “dope”
earlier in the evening.  He also made an incriminating statement to Booth that
the methamphetamine was his and that the passengers in the vehicle should be
freed.  Finally, Appellant was carrying $2,445.00 on his person with virtually
all of it being in the denomination of one hundred dollar bills. 

Based
on our examination of the evidence in the light most favorable to the jury’s
verdict and in light of the nonexclusive factors set forth above, we conclude
that the jury could have reasonably determined beyond a reasonable doubt that
Appellant knowingly and intentionally possessed the methamphetamine found under
the driver’s seat in the 2001 Toyota Camry.  Accordingly, we hold that the
evidence is legally sufficient to support the trial court’s judgment. 
Appellant’s sole issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s judgment.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

Opinion delivered June 30, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)